## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Eleanor Fregni,<br><br>          Plaintiff,<br><br>vs.<br><br>Delanor Kemper & Associates, LLC, *a foreign limited liability company*,<br><br>          Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.     This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.     Plaintiff Eleanor Fregni ("Fregni" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Delanor Kemper & Associates, LLC ("DKA" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a

debt collection agency from an address of 2221 Peachtree Road, Suite 473, Atlanta, Georgia 30342. DKA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before May 2011.

9. On or about May 16, 2011, DKA left the following scripted telephonic communication for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt: "Hello. This is an important call for Eleanor Fregni. This is not a telemarketing call. Please ask Eleanor Fregni to call us at 347-625-5466 and reference account number 610189610. Thank you."

10. DKA violated 15 U.S.C. §§ 1692d(6), and 1692e, and 1692e(11) when DKA left the telephonic communication for Plaintiff on or about May 16, 2011 because DKA failed to provide a meaningful disclosure and because DKA failed to disclose that the communication was from a debt collector.

11. On or about June 8, 2011, DKA left the following scripted telephonic communication for Plaintiff in an attempt to collect a debt and in connection with

the collection of a debt:  "My name is Marcia Simmons.  I'm trying to reach Eleanor.  If you can please give me a return call back at 678-279-5844."

12.    DKA violated 15 U.S.C. §§ 1692d(6), and 1692e, and 1692e(11) when DKA left the telephonic communication for Plaintiff on or about June 8, 2011 because DKA failed to provide a meaningful disclosure and because DKA failed to disclose that the communication was from a debt collector.

13.    On or about June 11, 2011, DKA left the following telephonic communication for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt:  "Hi Eleanor.  Good morning.  My name is Marcia Simmons.  I'm trying to reach you because I'm investigating a complaint that was attached to your social security information and driver's license.  My number is 678-279-5844.  Thank you very much."

14.    DKA violated 15 U.S.C. §§ 1692e, and 1692e(2)(A) when DKA left the telephonic communication for Plaintiff on June 11, 2011 because DKA falsely represented and implied that there was a lawsuit in progress that was attached to Plaintiff's social security number and driver's license.

15.    DKA violated 15 U.S.C. §§ 1692d, and 1692e(7) when DKA left the telephonic communication for Plaintiff on June 11, 2011 because DKA falsely represented and implied that Plaintiff had committed a crime or some other conduct in order to harass and disgrace Plaintiff.

16.   DKA violated 15 U.S.C. §§ 1692e(8) when DKA left the telephonic communication for Plaintiff on June 11, 2011 because DKA falsely communicated and threatened credit information which it knew or should have known was false.

17.   DKA violated 15 U.S.C. §§ 1692e, and 1692e(10) when DKA left the telephonic communication for Plaintiff on June 11, 2011 because DKA employed false and deceptive means in an attempt to collect a debt.

18.   DKA violated 15 U.S.C. §§ 1692d(6), and 1692e(11) when DKA left the telephonic communication for Plaintiff on June 11, 2011 because DKA failed to provide a meaningful disclosure and DKA failed to disclose that the communication was from a debt collector.

19.   On or about June 28, 2011, DKA left the following telephonic communication for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt: "Good morning Eleanor. This is Marcia Simmons with Delanor Kemper & Associates. We've been trying to reach you regarding a red flag that came up against your personal information in our office. Again, my number is 678-279-5844. Can you please give me a return call back before 7 o'clock eastern standard time? Again, my name is Marcia Simmons. My number is 678-279-5844."

20.   DKA violated 15 U.S.C. §§ 1692e, and 1692e(11) when DKA left the telephonic communication for Plaintiff on or about June 28, 2011 because DKA failed to disclose that that communication was from a debt collector."

21.    Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by DKA.

22.    Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of DKA's acts and omissions.

*Respondeat Superior Liability*

23.    The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, DKA.

24.    The acts and omissions by Defendant's employee(s) were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by DKA in collecting consumer debts.

25.    By committing these acts and omissions against Plaintiff, Defendant's employee(s) was motivated to benefit their principal, DKA.

26.    Defendant DKA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

27.    Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

28.  Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

29.  The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

30.  As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31.  As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32.  As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## <u>COUNT I: FDCPA VIOLATIONS</u>

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  October 3, 2011.                **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
          Patrick L. Hayes (0389869)
          William C. Michelson (129823)
          Attorneys for Plaintiff
          3101 Irving Avenue South
          Minneapolis, Minnesota 55408
          Telephone: 612-821-4817
          phayes@marsomichelson.com